JOHN MIKSAN, Respondent, *v.* ROHE & BROTHER, Appellant.

Appeal from an order of the Supreme Court, entered in the New York county clerk's office on the 23d day of December, 1913, granting a motion that defendant be directed to permit plaintiff to operate a certain elevator in the premises of the defendant.

PER CURIAM: It appears that the appellant has already exercised every right to which it was entitled and which was secured to it by the original order for "inspection." The order appealed from is, therefore, reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs. Present — Ingraham, P. J., McLaughlin, Clarke, Scott and Hotchkiss, JJ. Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

---

INGLIS M. UPPERCU, Respondent, *v.* HARRY M. STEVENS and F. AND D. COMPANY, Appellants.

Appeals from an order of the Supreme Court, entered in the New York county clerk's office on the 22d day of December, 1913, granting a motion for an injunction.

PER CURIAM: As the plaintiff presented to the court below no complaint showing that a cause of action existed which would entitle the plaintiff to an injunction, the court was without authority, under section 603 of the Code of Civil Procedure, to grant a temporary injunction. The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion for an injunction denied, with ten dollars costs. Present — Ingraham, P. J., McLaughlin, Clarke, Scott and Hotchkiss, JJ. Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

---

JOHN R. DAVIDSON and DAVID KRAUS, Respondents, *v.* GRACE H. HOWELL, Appellant.

Appeal from an order of the Supreme Court, entered in the New York county clerk's office on the 17th day of June, 1913, denying a motion for judgment on the pleadings.

Order affirmed, with ten dollars costs and disbursements. No opinion. Present — Ingraham, P. J., McLaughlin, Laughlin, Dowling and Hotchkiss, JJ.; Ingraham, P. J., dissented.

INGRAHAM, P. J. (dissenting): I dissent upon the ground that the plaintiffs procured a purchaser and, as part of the contract of purchase, agreed that "neither of them shall be entitled to any commission whatsoever, unless title passes hereunder and this contract consummated." The answer alleges that the contract never was consummated, that no title ever passed, and, therefore, upon the express condition of their employment, the plaintiffs were not entitled to recover.